

null / ALL
**Transmittal Number: 27458573**
**Date Processed: 08/14/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |

| | |
|---|---|
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Deborah and Eric Reyes vs. Nationwide Mutual Insurance Company |
| **Matter Name/ID:** | Deborah and Eric Reyes vs. Nationwide Mutual Insurance Company (14462865) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Tarrant County District Court, TX |
| **Case/Reference No:** | 096-344236-23 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/14/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson Law Firm PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**DEFENDANT'S
EXHIBIT A**

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                                   *Cause No. 096-344236-23*

DEBORAH REYES, ET AL
VS.
NATIONWIDE MUTUAL INSURANCE COMPANY

TO: NATIONWIDE MUTUAL INSURANCE COMPANY

> B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after

the expiration of 20 days after the date of service hereof before the 96th District Court

,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

DEBORAH REYES, ERIC REYES

Filed in said Court on August 4th, 2023 Against
NATIONWIDE MUTUAL INSURANCE COMPANY

For suit, said suit being numbered 096-344236-23 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies this citation.

CHAD T WILSON
Attorney for DEBORAH REYES Phone No. (832)415-1432
Address    455 E MEDICAL CENTER BLVD STE 555 WEBSTER, TX 77598

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 7th day of August, 2023.

By _____

BRANDYE KEAR

A CERTIFIED COPY
ATTEST: 8/7/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: BRANDYE KEAR

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *09634423623000005*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)                                           _____
                              County of _____, State of _____

*CITATION*

---

Cause No. 096-344236-23

DEBORAH REYES, ET AL

VS.

NATIONWIDE MUTUAL INSURANCE
COMPANY

ISSUED

This 7th day of August, 2023

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        BRANDYE KEAR Deputy

---

CHAD T WILSON
Attorney for: DEBORAH REYES
Phone No. (832)415-1432
ADDRESS: 455 E MEDICAL CENTER BLVD STE 555

WEBSTER, TX 77598

*CIVIL LAW*



\*09634423623000005\*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**



A CERTIFIED COPY
ATTEST: 8/7/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: BRANDYE KEAR

FILED
TARRANT COUNTY
8/4/2023 11:42 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-344236-23 _____

| | | |
|---|---|---|
| DEBORAH and ERIC REYES, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | TARRANT COUNTY, TEXAS |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

---

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Deborah and Eric Reyes ("Plaintiffs") and file this, Plaintiffs' Original Petition and Jury Demand, complaining of Defendant Nationwide Mutual Insurance Company ("Nationwide") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 2, pursuant to Texas Rules of Civil Procedure 190.3.

### PARTIES

2.  Plaintiffs Deborah and Eric Reyes reside in Tarrant County, Texas.

3.  Defendant Nationwide Mutual Insurance Company is an insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Nationwide through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin,**

1

**Texas 78701-3218**.  Plaintiffs request service at this time.

## JURISDICTION

4.    The Court has jurisdiction over Nationwide because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the state, including those in Tarrant County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Tarrant County, Texas because the insured property is located in Tarrant County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Tarrant County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiffs assert claims for breach of contract, common law bad faith, fraud, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiffs own a Nationwide insurance policy, number 78 42 HR 157400 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 1113 Wales Drive, Keller, Texas 76248 ("the Property").

8.    Nationwide or its agent sold the Policy, insuring the Property, to Plaintiffs. Nationwide represented to Plaintiffs that the Policy included coverage for hail and/or wind damage.

9.    On or about April 28, 2021, the Property sustained extensive damage resulting from a severe storm which affected the Tarrant County area including Keller, Texas.

10.    On or about August 19, 2021, Plaintiffs submitted a claim to Nationwide against the Policy for damage to the Property.  Nationwide assigned claim number 296168-GM to Plaintiffs'

2

claim.

11.    Plaintiffs asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

12.    Nationwide hired or assigned its agent, Bethann Rinaldi ("Rinaldi"), to investigate the claim. Based on information and belief, Rinaldi reviewed photos and documentation submitted by Plaintiffs' public adjuster and determined that the damage shown was consistent with deterioration and wear and tear.

13.    Rinaldi then assigned HAAG Engineering to perform an inspection of the Property.

14.    Ronny Lindsay ("Lindsay") with HAAG Engineering inspected the Property on November 1, 2021.

15.    On November 17, 2021, Lindsay finalized his engineering report relating to the loss. He determined that the roof shingles were exhibiting signs of normal wear and tear and that the Property had suffered no wind or hail damage.

16.    This engineering report compiled by Lindsay was biased and self-serving and used by Nationwide as a basis to underpay the claim.

17.    In a letter dated November 23, 2021, Nationwide informed Plaintiffs that there was no covered damage to the Property from the storm and the claim was being denied. This letter was signed by Rinaldi.

18.    After receiving a notice letter pursuant to Texas Insurance Code Chapter 542A from Plaintiffs, Nationwide requested a reinspection of the Property, this reinspection occurred on or about June 20, 2023 and was conducted by Lindsay.

19.    To date, Nationwide has not communicated any findings from the June 20, 2023

reinspection to Plaintiffs.

20.    Nationwide, through its agent, Rinaldi, conducted a substandard and improper inspection of the Property and investigation of the claim.

21.    Nationwide has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, vents, flashings, window beading, window screens, fascia, gutters and downspouts, and repairs to the HVAC system. The third-party inspector hired to review the damage to the Property found damage that was completely absent from Nationwide's reports.

22.    The damage to Plaintiffs' Property is currently estimated at $69,560.16.

23.    Rinaldi had a vested interest in undervaluing the claims assigned to her by Nationwide in order to maintain her employment. The disparity between the lack of damage identified by her reports compared to the damages documented in the report from the third-party inspector is evidence of unfair claims handling practices on the part of Nationwide.

24.    Furthermore, Rinaldi was aware of Plaintiffs' deductible prior to investigating the claim. Rinaldi had advanced knowledge of the damages she needed to document in order to be able to deny the claim.

25.    Rinaldi misrepresented whether the damage to Plaintiffs' Property was covered. Rinaldi made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on her expertise and accept the bad faith determination regarding a lack of covered damage as a true representation of whether or not the claim was covered under the Policy.

26.    After reviewing Plaintiffs' Policy, Rinaldi misrepresented that the damage was caused by

non-covered perils. Rinaldi used her expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

27.    As stated above, Nationwide, through Rinaldi, improperly and unreasonably adjusted Plaintiffs' claim.  Without limitation, Nationwide misrepresented the cause of damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

28.    Nationwide, through Rinaldi, made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the denial of the claim by Nationwide.

29.    Plaintiffs relied on Nationwide's misrepresentations, including but not limited to those regarding coverage and the cause of damage to Plaintiffs' Property. Plaintiffs' damages are the result of their reliance on these misrepresentations.

30.    Upon receipt of the inspection and estimate reports from Rinaldi, Nationwide failed to assess the claim thoroughly.  Based upon Rinaldi's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

31.    Because Nationwide failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

32.    Furthermore, Nationwide failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Rinaldi performed an unreasonable and substandard

5

investigation of the claim that allowed Nationwide to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

33.     Nationwide's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Nationwide and Plaintiffs.

34.     Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Nationwide has failed to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Specifically, Nationwide has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

35.     Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Nationwide failed to provide Plaintiffs a reasonable explanation for denial of the claim.

36.     Additionally, after Nationwide received statutory demand on or about April 28, 2023, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

37.     Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair

6

Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Rinaldi, as an agent and/or employee of Nationwide, performed biased and intentionally substandard inspections designed to allow Nationwide to refuse to provide full coverage to Plaintiffs under the Policy.

38.    Specifically, Nationwide performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

39.    Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.  Due to Rinaldi's subpar investigation of the claim, Nationwide failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

40.    Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Rinaldi's intentional undervaluation of Plaintiffs' claims, Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Rinaldi's understatement of the damage to the Property caused Nationwide to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for their claim.

41.    Nationwide's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

7

## CAUSES OF ACTION AGAINST DEFENDANT

### BREACH OF CONTRACT

42.    All allegations and facts stated above are incorporated herein.

43.    Nationwide is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiffs.

44.    Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

45.    All allegations and facts stated above are incorporated herein.

46.    Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

47.    Nationwide's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

48.    Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE

8

§541.060(a)(2)(A).

49.    Nationwide's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

50.    Nationwide's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51.    All allegations and facts stated above are incorporated herein.

52.    Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

53.    Nationwide's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

54.    All allegations and facts stated above are incorporated herein.

55.    Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

56.    Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Nationwide knew or should have known by the exercise of reasonable

9

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

57.    All allegations and facts stated above are incorporated herein.

58.    Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Nationwide pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim; (2) failure to give Plaintiffs the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Nationwide represented to Plaintiffs that the Policy and its adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Nationwide represented to Plaintiffs that its Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

10

D.    Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.    Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiffs' damages. All of Nationwide's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

60.    All allegations and facts stated above are incorporated herein.

61.    Nationwide is liable to Plaintiffs for common-law fraud.

62.    Each and every misrepresentation described above-concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Nationwide knew its representations were false or made recklessly without any knowledge of their truth as a

11

positive assertion.

63.   Nationwide made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

### KNOWLEDGE

64.   Nationwide made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

### WAIVER AND ESTOPPEL

65.   Nationwide waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### DAMAGES

66.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Nationwide's mishandling of Plaintiffs' claims in violation of the laws set forth above.

67.   Plaintiffs currently estimate that actual damages to the Property under the Policy are $69,560.16.

68.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Nationwide have caused Plaintiffs' damages, which

12

include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

69.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims and consequential damages, together with attorney's fees.

70.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

71.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an interest penalty authorized by statute on those claims, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

72.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Nationwide's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

73.    Nationwide's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery

13

of exemplary damages in an amount determined by the finder of fact sufficient to punish Nationwide for their wrongful conduct and to set an example to deter Nationwide and others from committing similar acts in the future.

74.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.   Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

75.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.   As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however.   Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### JURY DEMAND

76.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Tarrant County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

### PRAYER

Plaintiffs Deborah and Eric Reyes pray that Defendant Nationwide Mutual Insurance

Company be cited and served to appear and that upon trial hereof Plaintiffs recover from Defendant such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Dated:  August 4, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*
Chad T. Wilson
Bar No. 24079587
Donald C. Green II
Bar No. 24086619
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

15

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kaitlyn Howe on behalf of Chad Wilson
Bar No. 24079587
khowe@cwilsonlaw.com
Envelope ID: 78213699
Filing Code Description: Petition
Filing Description: Petition
Status as of 8/4/2023 11:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donald CGreen II | | dgreen@cwilsonlaw.com | 8/4/2023 11:42:57 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 8/4/2023 11:42:57 AM | SENT |
| Chad  Wilson | | cwilson@cwilsonlaw.com | 8/4/2023 11:42:57 AM | SENT |



US POSTAGE
032A 0061864716

**LEGAL DOCUMENT MANAGEMENT**
**5930 LBJ FREEWAY SUITE 307**
**DALLAS, TEXAS 75240**

**CORPORATION SERVICE COMPANY**
**211 E. 7th STREET., #620**
**AUSTIN, TEXAS 78701**