CAUSE NO. 096-344236-23

| | | |
|---|---|---|
| DEBORAH and ERIC REYES,<br>　*Plaintiffs,*<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE<br>COMPANY,<br>　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE JUDICIAL COURT OF<br><br><br>TARRANT COUNTY, TEXAS<br><br><br><br>96th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Nationwide Mutual Insurance Company ("Defendant") files this Original Answer to Plaintiffs' Original Petition, respectfully showing the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of each and every material allegation contained in Plaintiffs' Original Petition and any supplements or amendments thereto, and demands strict proof thereof.

### II.
### DEFENSES

**A.     Plaintiffs failed to comply with notice requirements of Tex. Ins. Code § 542A.003**

Chapter 542A of the Texas Insurance Code applies to Plaintiffs' lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged storm damage. Plaintiffs failed to give proper notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiffs may have to recover attorney's fees. Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiffs provide written notice to Defendant not later than the 61st day before the date Plaintiffs file an action to which Chapter 542A applies that must include:

　　(1)　　a statement of the acts or omissions giving rise to the claim;



      (2)    the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

      (3)    the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or representative must:

      (1)    provide a copy of the notice to the claimant; and

      (2)    include in the notice a statement that a copy of the notice was provided to the claimant.

In a letter dated April 28, 2023, Plaintiffs' counsel sent a demand letter to Defendant in which Plaintiffs demanded $69,560.16 for "the estimated replacement cost value of repairs to the property due to the loss, less any deductibles, prior payments, or policy provisions limiting payment of replacement cost," $25,041.66 for "interest that applies to this loss pursuant to the Texas Insurance Code," $154,520.36 for "other damages, including mental anguish," and $2,190.00 in "reasonable and necessary attorney's fees."

Plaintiffs' demand does not provide presuit notice as required by Tex. Ins. Code § 542A.003 because it fails to state the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property. Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award Plaintiffs any attorney's fees incurred after the date Defendant files this pleading. In the alternative, to the extent the demand letter is deemed timely and otherwise in compliance with the presuit notice requirements under Chapter 542A, the provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiffs.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiffs take nothing from Defendant and that Defendant recovers its costs, fees, and expenses, and for such other further relief to which it may be entitled.

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-file this the 31st day of August, 2023 to:

Chad T. Wilson
Donald C. Green II
Chad T. Wilson Law Firm, PLLC
455 E Medical Center Blvd., Ste. 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com
eservice@cwilsonlaw.com

/s/ Patrick M. Kemp
Patrick M. Kemp